### The Guardianship of the HUGHES Infants.

LEGAL residence of a minor after parents' death. Who may change the residence of minors.

THE SURROGATE. The father of the infants resided in Kings county, died there, and letters of administration were issued by the Surrogate of Kings county to his widow, who was the second wife of the decedent. The infants in question were children by the first wife. The house in Kings county, in which the decedent lived with his children, and in which he died, was and is the property of the widow; and, at the time of their father's death, the infants were in that house, and in the care of his wife. Soon after their father's death, the father's brother, who is a resident of the city of New York, brought the infants to New York. He then presented his petition to the Surrogate of the county of New York, claiming that the infants were residents of this county, and asking for letters of guardianship, which were accordingly issued. The present motion is to vacate these letters, on the ground of want of jurisdiction from non-residence of the infants in this county.

The Surrogate of each county has exclusive jurisdiction for the appointment of guardians for minors resident in such county. (3 R. S., 5th ed., p. 243.)

The term "residence" has been judicially defined as the abode or dwelling place, as distinguished from a mere temporary locality of existence. And this definition, given in 20 John. R., p. 208, is only modified by the decision in 19 Wend. R., inasmuch as a fixity and permanence

is declared to be more strongly imported by the term "inhabitancy" than by "residence." Residence, nevertheless, and even domicil, is a quality which endures, when once acquired, until changed *animo et facto.* (1 *Brad. R., p.* 69.)

The residence of a parent is the residence of his minor child (2 *Brad. R., p.* 214); and upon the death of an only parent, it must follow that the residence of the child, which had been once fixed by the act of the parent, cannot be changed, in contemplation of law, except by a guardian. This was the case in 4 *Brad. R., p.* 221.

In the present case, I understand the claim to be made that the paternal uncle, the nearest male relative of adult age, had a legal right, as such relative, before his appointment as guardian, to change the domicil of the children, and transfer their legal residence to the county of New York, where his own was. I can see no warrant in our statute law for this claim of authority. The custody and control of infant children is in their parents or guardians. No next of kin, except parents, have authority over them, unless appointed guardians. The residence of these minors has never been lawfully changed, and they are now residents of Kings county. The letters of guardianship, issued by me, were therefore granted upon erroneous representations, were without jurisdiction, and must be vacated.